IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PINGMEI YU, Petitioner, | § | |
| v. | § | No. 3:26-cv-02094-E (BT) |
| WARDEN, PRAIRIELAND DETENTION CENTER, Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Pingmei Yu filed a habeas petition challenging her immigration detention by Immigration and Customs Enforcement (ICE). *See* Pet. (ECF No. 1). She sought release from ICE custody, an order enjoining the Government from removing her from the United States or this District pending resolution of the habeas petition, and costs and attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at 6.

But the Government later removed Petitioner from the United States, and she is no longer in ICE custody. *See* Gov. Resp. (ECF No. 6); Exh. 1 to Gov. Resp. (ECF No. 6-1). Accordingly, the Court can no longer award Petitioner relief, and the District Judge should **DISMISS** this case without prejudice as moot. *See, e.g.*, FED. R. CIV. P. 12(h)(3); *Chay v. Holder*, 470 F. App'x 406, 06-07 (5th Cir. 2012) (per curiam); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) ("If the only relief sought by [a petitioner] cannot be granted, the case is moot."); *see also Oguntuyi v. Manuel*, 2025 WL 2399184, at *2 (W.D. La. July 21,

2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."), *rec. accepted* 2025 WL 2398645 (W.D. La. Aug. 18, 2025).

SO RECOMMENDED.

August 26, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)